# THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:16-cv-00709-MR

| | |
|---|---|
| LISA HARKEY, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> NANCY A. BERRYHILL, Acting ) </br> Commissioner of Social Security, ) </br> ) </br> Defendant. ) </br> _____ ) | **MEMORANDUM OF** </br> **DECISION AND ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's Motion for Summary Judgment [Doc. 10] and the Defendant's Motion for Summary Judgment [Doc. 11].

## I.   PROCEDURAL HISTORY

The Plaintiff Lisa Harkey filed an application for supplemental security income ("SSI") benefits on July 26, 2012, alleging an onset date of March 4, 2011. [See Transcript ("T.") 12, 179-87]. The Plaintiff's claim was denied initially and on reconsideration. [T. 77-93, 95-111]. At the request of the Plaintiff, an administrative law judge ("ALJ") held a hearing to review the Plaintiff's claim on August 13, 2014. [T. 28-76]. On November 10, 2014, the ALJ issued a decision denying the Plaintiff benefits under the Act. [T. 12-

23]. On April 7, 2016, the Appeals Council denied the Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. [T. 1-6].

On June 1, 2016, the Plaintiff, through counsel, filed a complaint for judicial review of the Commissioner's final decision in this Court. [Harkey v. Colvin, No. 3:16-cv-00277-FDW ("Harkey I"), Doc. 1]. On June 8, 2016, the Honorable Frank D. Whitney, Chief United States District Judge, granted the Plaintiff's motion to proceed *in forma pauperis.* [Harkey I, Doc. 4]. The Plaintiff, however, did not provide a summons to the Clerk's office within 90 days of filing of the Complaint, did not request an extension of time to do so, and did not otherwise take any measures to effect service of her Complaint. [Harkey I, Doc. 5]. As a result, on October 6, 2016, Judge Whitney *sua sponte* dismissed the Plaintiff's Complaint without prejudice. [Harkey I, Docs. 5, 6].

The Plaintiff refiled her action on October 11, 2016, and this case was assigned to the undersigned. [Harkey v. Colvin, No. 3:16-cv-00709-MR ("Harkey II"), Doc. 1]. On December 2, 2016, the Plaintiff filed proof of service on the Defendant. [Harkey II, Docs. 3-5]. The Defendant filed an Answer to the Plaintiff's Complaint on December 22, 2016 [Harkey II, Doc. 7], and a scheduling order issued thereafter. The Plaintiff filed her motion

for summary judgment on March 13, 2017 [Harkey II, Doc. 10], and the Defendant filed her motion for summary judgment on May 8, 2017 [Harkey II, Doc. 11].

## II. DISCUSSION

A claimant seeking judicial review of the Commissioner's final decision denying SSI benefits must file a civil action within 60 days of receiving notice of such decision "or within such further time as the Commissioner of Social Security may allow." See 42 U.S.C. §§ 405(g), 1383(c)(3); 20 C.F.R. § 422.210(c). Absent "a reasonable showing to the contrary," it is presumed that such notice is received five (5) days after the date of such notice. 20 C.F.R. §§ 416.1401; 422.210(c).

The 60-day filing requirement, however, is a period of limitation rather than a jurisdictional limit. As such, it may be subject to equitable tolling under the appropriate circumstances. See Hyatt v. Heckler, 807 F.2d 376, 378 (4th Cir. 1986). Equitable tolling applies only where "'extraordinary circumstances beyond plaintiffs' control [make] it impossible to file the claims on time.'" Chao v. Virginia Dep't of Transp., 291 F.3d 276, 283 (4th Cir. 2002) (quoting Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000)); see also Rouse v. Lee, 339 F.3d 238, 246 (4th Cir. 2003) (allowing equitable tolling only in "extraordinary" cases where circumstances beyond a

claimant's control cause her to miss a deadline). Equitable tolling should not be employed to aid claimants who "failed to exercise due diligence in preserving [their] legal rights." Chao, 291 F.3d at 283. Further, as this Court recently explained, the Supreme Court has held that traditional equitable principles "do not extend to what is at best a garden variety claim of excusable neglect." Peeler v. Colvin, No. 3:16-CV-545-MOC-DLH, 2017 WL 64747, at *2 (W.D.N.C. Jan. 5, 2017) (quoting Irwin v. Dep't of Veterans Affairs, 498 U.S. 89, 96 (1990)).

Here, the Plaintiff's first civil action was filed within the 60-day period. That case, however, was dismissed without prejudice due to the Plaintiff's failure to prosecute the action. The Plaintiff did not appeal that dismissal, and she did not seek an extension of time to re-file her action. Instead, the Plaintiff commenced the present action on October 11, 2016, more than 180 days after the final decision of the Commissioner. The Plaintiff's present action is subject to dismissal as being untimely unless the principles of equitable tolling can be applied.

The Plaintiff has not responded to the Commissioner's arguments of untimeliness and thus has made no attempt to demonstrate any extraordinary facts which would warrant the application of equitable tolling in this case. Upon review of the case, the Court does not find that equitable

tolling is applicable. The Plaintiff's first action, while timely, was dismissed for failure to prosecute. The fact that the Plaintiff's first, timely action was dismissed without prejudice does not warrant the application of equitable tolling. <u>Christides v. Comm'r of Soc. Sec.</u>, 478 F. App'x 581, 584 (11th Cir. 2012) (declining to apply equitable tolling, noting that "the mere fact that her complaint was dismissed without prejudice does not permit her to file a later complaint outside the statute of limitations."). As the Plaintiff has failed to demonstrate any extraordinary circumstances to excuse her late filing, the Court concludes that equitable tolling is not available to her.

For all of these reasons, the Court concludes that the Plaintiff's complaint was not timely filed and therefore should be dismissed.

# O R D E R

Accordingly, **IT IS, THEREFORE, ORDERED** that the Plaintiff's Motion for Summary Judgment [Doc. 10] is **DENIED**; the Defendant's Motion for Summary Judgment [Doc. 11] is **GRANTED**; and this case is hereby **DISMISSED**.

The Clerk of Court is respectfully directed to enter a Judgment in accordance with this Order.

**IT IS SO ORDERED.**

Signed: March 7, 2018

Martin Reidinger
United States District Judge